IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

---

|  |  |  |
|---|---|---|
| DENNIS D. MORTON, | * | 3:09-cv-179 |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * |  |
|  | * |  |
| FORT MADISON COMMUNITY | * | ORDER |
| HOSPITAL, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

---

Currently before the Court is "Defendant's Renewed Motion for Judgment as a Matter of Law (F.R.C.P. 50(b)) and Alternative Motion for New Trial on All Issues (F.R.C.P. 50(b)(2) and 59)," filed by Fort Madison Community Hospital ("Defendant") on September 28, 2011.  Clerk's No. 81.  Dennis D. Morton ("Plaintiff") filed a response on October 14, 2011.  Clerk's No. 84. Defendant filed a reply on October 24, 2011.  Clerk's No. 85.  The matter is fully submitted.

## I.  PROCEDURAL BACKGROUND

This slip-and-fall case was tried to a jury beginning on August 29, 2011.  Clerk's No. 62. On September 1, 2011, the jury returned a verdict finding that Defendant was partially responsible for the damages of Plaintiff's decedent.  Clerk's  Nos. 67, 68.

## II. LAW AND ANALYSIS

### A.  *Defendant's Motion for Judgment as Matter of Law*

"Under Rule 50, if the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on an issue, the court may grant a motion for judgment as a matter of law against the party." *Howard v. Mo. Bone & Joint Ctr., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010) (quoting Fed. R. Civ. P. 50(a)) (internal quotation marks omitted).  The

Court must "view[] the evidence most favorably to the nonmoving party and drawing all reasonable inferences in its favor." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 984 (8th Cir. 2008) (citing *Liberty Mut. Fire Ins. Co. v. Scott*, 486 F.3d 418, 422 (8th Cir. 2007)). "If the evidence viewed according to this standard would permit reasonable jurors to differ in the conclusions they draw, judgment as a matter of law cannot be granted." *Id.* (quoting *Liberty Mut.*, 486 F.3d at 422). "However, 'when the record contains no proof beyond speculation to support the verdict, then judgment as a matter of law is appropriate.'" *Hinz*, 538 F.3d at 984 (quoting *Liberty Mut.*, 486 F.3d at 422; and Fed. R. Civ. P. 50(a)(1)).

In this case, Defendant argues that "Plaintiff did not introduce sufficient evidence to support the prima facie elements of a premises liability claim against Defendant." Mot. ¶ 2. Specifically, Defendant argues that "Plaintiff did not provide substantial evidence . . . to prove: 'Defendant knew—or in the exercise of reasonable care should have known—of a condition on the premises <u>and that it involved an unreasonable risk of injury to a person in Carole Morton's position</u>.'" Def.'s Br. at 4 (quoting Final Jury Instruction No. 8) (emphasis in original). According to Defendant, "there was simply no evidence presented that the Defendant knew or should have known that the floor electrical outlets 'involved an unreasonable risk of injury to a person in Carole Morton's position.'" *Id.* at 6. Defendant argues that "[t]he fact that in the last twenty-five years hundreds of thousands of patients, patients' family and friends and hospital staff have occupied and/or traversed this outpatient lobby without any reported problems establish[es] that Defendant neither knew nor should have known of any risk of injury to a person in Carole Morton's position, let alone an 'unreasonable' risk of injury." *Id.*

However, Defendant has failed to demonstrate that this "fact" was actually established at

trial.  "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same:  Whether the *evidence* presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Tatum v. City of Berkeley*, 408 F.3d 543, 549 (8th Cir. 2005) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000) (internal quotation marks omitted, emphasis added); *see generally* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to *particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the *materials cited* do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." (emphasis added)).

Although Defendant has provided the Court with its own characterization of what was established at trial, this characterization is not supported by citation to any exhibits, testimony, or other portions of the trial record.  *See* Def.'s Br. at 4–6; *see also* Def.'s Reply at 1–3.  "[I]t is not the duty of the courts to scour [the] record" to find evidence that might support Defendant's assertions.  *See generally Sam's Riverside, Inc. v. Intercon Solutions, Inc.*, No. 4:09–cv–20, 2011 WL 2333394, at *13 n.41 (S.D. Iowa June 10, 2011) (quoting *Barth v. Village of Mokena*, No. 03 C 6677, 2006 WL 862673, at *19 (N.D. Ill. Mar. 31, 2006) (internal quotation marks omitted)); *see also Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in [the record]." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (alternation in original)).  Therefore, Defendant has failed to

demonstrate that "the *evidence* . . . is so one-sided that one party must prevail as a matter of law." *See Tatum*, 408 F.3d at 549 (emphasis added).

## B. *Defendant's Motion for New Trial*

In the alternative, Defendant requests a new trial pursuant to Rule 59. Def.'s Br. at 7. "Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court . . . ." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 471 (8th Cir. 2011) (quoting *Howard*, 615 F.3d at 995). "The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice." *Id.* (citing *Maxfield v. Cintas Corp., No. 2*, 563 F.3d 691, 694 (8th Cir. 2009)). In support of this argument, Defendant merely asserts that "the jury's verdict finding the defendant at fault is contrary to the great weight of the evidence." Def.'s Br. at 8. However, Defendant again fails to point to specific pieces of *evidence* that support its argument. *See id.* at 8–9. Moreover, it is the Court's recollection that Plaintiff's evidence—while not particularly strong—was sufficient to enable a reasonable jury to find in his favor on the issue of liability. Accordingly, Defendant has failed to convince the Court that a new trial "is necessary to prevent a miscarriage of justice." *See Haigh*, 632 F.3d at 471.

## III. CONCLUSION

For the foregoing reasons, "Defendant's Renewed Motion for Judgment as a Matter of Law (F.R.C.P. 50(b)) and Alternative Motion for New Trial on All Issues (F.R.C.P. 50(b)(2) and 59)" (Clerk's No. 81) is DENIED.

IT IS SO ORDERED.

Dated this __25th__ day of October, 2011.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT